## 10190

ENTERPRISE BANK v. CAROLINA INVESTMENT COMPANY.

(99 S. E. 25.)

CORPORATIONS—CORPORATE NOTES—PRESIDENT—AUTHORITY.—In an action on a note signed by a corporation by its president, it was error to refuse to direct a verdict for defendant, when the only reasonable inference from the testimony was that the president was not authorized to make the note, that it was not for defendant's benefit, but for the president's personal indebtedness, and that its proceeds were so used.

Before SMITH, J., Richland, June term, 1917.    Reversed.

Action by the Enterprise Bank against the Carolina Investment Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Lyles & Lyles,* for appellant, submit: *That the note sued on in this action was a renewal of one executed by D. Sam Cox, president of the defendant corporation, in the name of the corporation, without consideration moving to the corporation itself, and without authority of the corporation to make such note, and that it was used by the plaintiff bank, not for the benefit of the corporation, but to take up the personal obligations of D. Sam Cox, which it was unwilling to carry, and that consequently the evidence showed no liability on the part of the defendant to the plaintiff, and the motion for a nonsuit and the direction of a verdict and for a new trial should have been granted by his Honor, the Circuit Judge:* Code, vol. I, sec. 2837; 10 Cyc. 903; 69 N. H. 581; 49 Am. Rep. 630; Gen. Laws of N. Y. C. 148, sec. 3; 58 N. Y. 68; 69 N. Y. 85, 86; 22 Conn. 530; 58 Am. Dec. 439, 440; 111 Mass. 72, 75; 15 Am. Rep. 9; 14 Wis. 325; 37 N. J. L. 98, 102; 3 Met. 163; 35 Am. Dec. 395; 1 Met. (Ky.) 550; 71 Am. Dec. 491; Pierce on Railroads 32-34; Morawetz on Corporations, 2d Ed., sec. 537; Cook on Stock and Stockholders, sec. 716; 14 L. R. A. 356; 63 Vt. 581; 25 Am. St. Reps. 783, 784; 72 Me. 226; 29 Am. Rep. 319; Cook on Stock and Stockholders, secs. 712, 716; 1 Cush. 507; Cyc., pp. 906, 907, 908, 910, 911, 912; 2d Cook on Corporations, 4th Ed., p. 1505, sec. 716, and notes to this sec. on pp. 1508 to 1510; 1 Metcalfe 550; 71 Am. Dec. 491 (note at p. 493); 30 Cal. 602; 81 Am. Dec. 132 (note at 137); 93 S. E. 396; 33 S. C. 451.

*Messrs. T. Moultrie Mordecai* and *Barron, McKay, Frierson & Moffatt,* for respondent, submit: *There was evidence from which it might be reasonably inferred that Cox had express or implied authority to execute a note on the Caro-*

*lina Investment Company:* 7 R. C. L., pp. 450, 451, 620; 10 Cyc. 912; 72 S. C. 241, 253; 81 S. C. 114; 104 U. S. 192; 26 L. Ed. 707; (N. C.) 61 S. E. 273; (Ga.) 69 S. E. 734; 238 Fed. 416; 2 Thompson on Corporations, sec. 1970; Morawetz Priv. Corp. (2d Ed.), sec. 351; 2 Thompson on Corporations, sec. 1687 (2d Ed.); 65 S. C. 45; 41 S. C. 300; 26 S. C. 80; 10 Cyc. 913; 88 S. C. 31; 85 S. C. 40; 76 S. C. 211; 77 S. C. 546; 79 S. C. 478; 82 S. C. 173; 3 Strob. Eq. 263. *As to there being evidence from which it might be reasonably inferred that Carolina Investment Company received the benefits of this transaction or ratified the same:* 103 S. C. 494; 89 S. C. 179; 87 S. C. 445; 28 S. C. 134,.142; 65 S. C. 45, 75, 76; 176 U. S. 618; 20 Sup. Ct. Rep. 498; 2 Thomp. Corp., sec. 1672 (2d Ed.); 33 S. C. 451; 2 Thomp. Corp., sec. 1668; 74 S. C., pp. 16, 26; 33 S. C. 473; 12 S. E. 165; 40 S. C. 137; 18 S. E. 680; 50 S. C. 290; 27 S. E. 962; 51 S. C. 561; 29 S. E. 659; 55 S. C. 29; 13 S. E. 15; 2 Thompson on Corporations, sec. 2020; 131 U. S. 371; 9 S. Ct. 770, 773; 120 U. S. 256; 7 Sup. Ct. Rep. 542. *As to the Judge's charge in respect to where the burden of proof rested:* 63 S. E. 549, 552; 93 S. C. 61; 7 R. C. L., secs. 587, 589; 7 R. C. L., secs. 236, 595; (Pa.) Ann. Cas. 1916a, 86; (Mass.) 116 N. E. 731; (Ia.) 161 N. W. 322; 7 Minn. 56; 81 Fed. 45; 43 L. R. A. 419, 425; 1 Morawetz Priv. Corp. (2d Ed.), secs. 350, 351; 1 Dan. Neg. Instruments (5th Ed.), sec. 164; (Ia.) 50 L. R. A. (N. S.) 835; (N. C.) 73 S. E. 990; (Mass.) 100 N. E. 828. *As to the distinction between an act done wholly without power to do it, and an act done with power to do it, but without the formality prescribed for the execution of the power:* 10 Cyc. 1149. *If the trial Judge misunderstands and misinterprets a request to charge, the fact would be called to his attention:* 62 S. C. 380; 75 S. C. 560. *A trial Judge does not have to charge a request as submitted, but may do so in his own language:* 91 S. C. 104; 94 S. C. 244; 103 S. C. 343. *As to attorney's fee:* (Cal.) 124 Pac. 733, and authority cited

(Cal.) 135; Pac. 454; (Tex.) 136 S. W. 255; (Tex.) 175 S. W. 728; (Wash.) 105 Pac. 816; (Mo.) 204 S. W. 572; (Okla.) 170, p. 685; (S. C.) 89 S. E. 657.

April 14, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action upon a promissory note of which the following is a copy:

"$4,500.00.    Charleston, S. C., June 23, 1914.    Four months after date we promise to pay to Enterprise Bank, Meeting and Market Sts., Charleston, S. C., forty-five hundred no/100 dollars at their banking house, and also 10 per cent. additional attorney's fees, if placed with an attorney for collection.    Value received.    Carolina Investment Company.    By D. Sam Cox, Pres."

The complaint alleges presentment of the note, nonpayment, and that the plaintiff is the holder thereof, and demands judgment for $4,500, with interest from the 21st of October, 1914, with 10 per cent. attorney's fees.

The defendant, by its answer, denied "that it was the maker of the note, but, on the contrary, alleged that while it is informed and believes that such a note was made by Mr. D. Sam Cox, the president of the defendant corporation, it denies that said D. Sam Cox had the authority of the defendant corporation, or of its board of directors, or any of the officers thereof, for the making of said note, and denies that said note was executed for the benefit of the defendant corporation, in any wise."

The jury rendered a verdict in favor of the plaintiff, for the full amount of principal and interest claimed and for $220 additional, as attorney's fees.

The defendant appealed upon exceptions.

The vital question is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion for the direction of a verdict.

The only reasonable inference to be drawn from the testimony is that Cox was not authorized to make the note in question; that it was not made for the benefit of the defendant, or in the usual course of its business, but, on the contrary, was made to settle the personal indebtedness of Cox to the plaintiff bank; that these facts were well known to the plaintiff through its president, who wrote on the margin of the note, "Cr. D. S. C.," which meant that the proceeds of the note were to be credited to the personal account of Cox at the bank; and they were so credited; and on the same day they were drawn out by the president of the bank, on checks signed by him in the name of Cox, and applied to Cox's personal indebtedness to the bank.

It follows that the defendant's motion for a directed verdict should have been granted, and that the judgment should be reversed, and it is so adjudged.