10505

ENTERPRISE BANK v. LYLES.

(105 S. E. 896.)

1. BILLS AND NOTES—IN ACTION ON ACCOMMODATION NOTE, AGREEMENT BETWEEN DEFENDANT AND ACCOMMODATED PARTY PROPERLY EXCLUDED. —In an action on a note executed by defendant for the accommodation of a third party, an alleged agreement between defendant and the accommodated party concerning the application of the proceeds of the discounted note was properly excluded.

2. APPEAL AND ERROR. — VERDICT SETTLED DISPUTED MATTER WHEN INSTRUCTION SUBMITS IT.—In an action on an accommodation note, where there was a dispute as to whether corporate stock was pledged to secure such note or other notes of the accommodated party, and the Court explicitly charged that, if defendant's contention was true, plaintiff was bound to apply the collateral to the satisfaction of the defendant's note, a verdict for plaintiff concluded such issue against defendant.

3. BILLS AND NOTES—ACCOMMODATION NOTE FOR WHICH CREDIT WAS GIVEN ACCOMMODATED PARTY SUPPORTED BY CONSIDERATION.—Where for the express purpose of giving the accommodated party an apparent credit on his indebtedness to the payee bank, and he was given credit on the indebtedness for the amount of the note, there was a sufficient consideration for the accommodation party's promise to pay.

Before WHALEY, J., County Court, Richland, December, 1919. Affirmed.

Action by Enterprise Bank against Wm. H. Lyles. From judgment for plaintiff, the defendant appeals.

The note dated July 6, 1914, on which suit was brought was as follows:

$1,250. Charleston, S. C., July 6, 1914. On demand after date I promise to pay to the order of Enterprise Bank, Meeting and Market Sts., Charleston, S. C., twelve hundred and fifty dollars, at their banking house, with interest from maturity at 8 per cent. per annum, and also 10 per cent. additional, attorney's fees if placed with attorney for collection. Value received. Wm. H. Lyles. (Address) Columbia, S. C. Indorsed by D. Sam Cox.

*Mr. H. N. Edmunds,* for appellant, cites: *Suit is between maker and payee of note and every defense is available to maker:* 8 Cyc. 31; Harp. 201; 126 S. W. 114. *Bank records improperly proven:* 93 S. C. 580. *"Value received" imports a consideration, but maker can show there was none:* Dudley L. 30; 38 S. C. 147; 2 McMull. 60; 62 S. C. 46. *Failure or want of consideration a good defense against payee:* 101 S. C. 507; 65 W. Va. 28; 63 S. E. 138; 65 S. E. 1065. *Bank parted with nothing of value:* Sec. 29, Neg. Inst. Act.

*Messrs. Barron, McKay, Frierson & McCants,* for respondent. Oral argument.

October 31, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is upon a negotiable note for $1,250, dated July 6, 1914, due on demand and made by the defendant to

the plaintiff, and indorsed by D. Sam Cox.  Let the form
of the note be reported.  The verdict was for the plaintiff.

The defendant has made 15 exceptions which cover 12
pages of the case.  Such diffuseness is not to be commended
There are practically but two questions in the case, to be
presently stated, and they arise out of these circumstances:
Cox was about 1910 a client and friend of the defendant,
and was operating in real estate about Columbia.  He was
a large borrower of money, and as such he became indebted
to the plaintiff bank in the sum of some $12,000.  This
indebtedness was so large as to attract the criticism of the
State Bank Examiner, so that "at the instance and request
of the bank, through its president, the said D. Sam Cox
solicited the defendant to make his note in the sum of $1,500,
so that his indebtdness might be apparently reduced by
that amount."

By the words of the answer such was the genesis of the
note sued on, first executed December 6, 1909, and for the
purpose suggested.

Both Cox and the defendant were shareholders in a cor-
poration called the "Carolina Investment Company."  See
*Enterprise Bank v. Carolina Investment Company,* 112 S. C.
53, 99 S. E. 25.  The present contention of fact of the
defendant is, and such is the first real issue in the case, that
Cox owned certain shares of the Carolina Investment Com-
pany's stock, and that the same was pledged by Cox with the
plaintiff to secure the payment of the defendant's note and
thereby to save the defendant harmless on that score.

The plaintiff denied so much, and claimed that the stock
was pledged to secure first a large indebtedness by Cox to
the bank on which Lyles was not liable.  See *Cox v. Bank*
(April term, 1920), 114 S. C. 693.

The testimony of the witnesses differ as to whether the recitations in the initial note (December 6, 1909) made mention of the collateral. The note was not in evidence. Subsequent renewals of the note which were in evidence contained such recitals. The renewal note sued on has no such recital.

It is a mistake for the appellant to say that the Court excluded the testimony of the defendant which detailed the execution of the initial note and the pledge of the stock to secure the same. Both parties, the plaintiff and the defendant, testified thereabouts and in contradiction one to the other.

1 The Court did exclude, and that properly, the alleged agreement between the defendant and Cox about the application of the proceeds of the discounted $1,500 note.

2 And the Court charged the jury explicitly that, if the contention of the defendant before stated was true, then the bank was bound to apply the collateral to the satisfaction of the defendant's note.

The verdict is manifestly a conclusion of the issue against the defendant.

The defendant's answer makes a second issue. It alleges that there was no consideration moving to the defendant for the note.

But the allegations of the first defense are to the effect that the defendant executed the note to give Cox an apparent credit on his indebtedness to the bank; and the testimony of the defendant is: "When I made the note 3 payable to the order of the Enterprise Bank I did not expect myself to get the money, but I made it for

the purpose and only for the purpose of substitution to the extent of the note, $1,500, for a part of the note—a part of the notes that then were owed by Cox to the bank."

So much was, of course, a sufficient consideration, to wit, the credit of Cox's debt to the bank by $1,500, to support the defendant's promise to pay.

The other exceptions are minor, and, if sound, would not reverse the judgment based on the two cardinal issues we have stated.

The verdict has done substantial justice, and the judgment is affirmed.

MR. JUSTICE HYDRICK did not sit.